UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SHIRELY BOSTON,

        Plaintiff,

  -vs-

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

01-CV-0187E(Sc)

MEMORANDUM

and

ORDER[1]

---

## BACKGROUND

On March 15, 2001 plaintiff Shirley Boston ("Boston") commenced the instant action pursuant to 42 U.S.C. §405(g) seeking review of the final determination of the Commissioner of Social Security denying her application for benefits. Boston was found to have an anxiety-related disorder but the Commissioner concluded that she retained the residual functional capacity to perform medium work. On August 8, 2005 Magistrate Judge Hugh B. Scott issued a Report and Recommendation on the Commissioner's Motion for Judgment on the Pleadings, in which he concluded that the matter should be remanded to the Commissioner of Social Security because the Commissioner's decision denying benefits was not based on an adequately-developed record.

Magistrate Judge Scott concluded that — as there existed evidence that Boston's limitations were nonexertional in nature — the Administrative Law Judge

---

[1] This decision may be cited in whole or in any part.

("ALJ") should have further developed the record on that issue to determine whether Boston's residual functional capacity could be based on the grids contained in the Code of Federal Regulations ("CFR") or whether an assessment by a vocational expert was required.[2]  Magistrate Judge Scott concluded that the ALJ's decision denying benefits was not substantially supported by the record.  Currently pending before the Court are the Commissioner's objections to the Report and Recommendation.

## DISCUSSION

An ALJ's determination as to eligibility for benefits must be upheld if it is supported by "substantial evidence."  Such is defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson* v. *Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co.* v. *National Labor Relations Bd.*, 305 U.S. 197, 229 (1938)).

This Court conducts a *de novo* review of the portions of a Report and Recommendation to which specific, written objections have been filed.  *See* 28 U.S.C. §636(b)(1); Rule 72 of the Federal Rules of Civil Procedure ("FRCvP").  If a party fails to object to a portion of a Report and Recommendation, further review is generally precluded.  *See Mario* v. *P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (*citing Small* v. *Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).

---

[2]In so concluding, the Magistrate Judge relied on *Pratts* v. *Chater*, 94 F.3d 34 (2d Cir. 1996) and *Bapp* v. *Bowen*, 802 F.2d 601 (2d Cir. 1986).

- 2 -

Furthermore, when the objections are not specific in nature and merely reiterate the arguments made before the Magistrate Judge, the Court reviews the Report and Recommendation only for clear error. *Camardo* v. *Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381-81 (W.D.N.Y. 1992).

Here, the Commissioner argues that the Magistrate Judge erred because there exists adequate evidence in the record to support the decision denying benefits and that the matter should not be remanded but summarily affirmed and the case dismissed. The Commissioner contends that the Magistrate Judge overlooked evidence in the record from Boston's treating physician indicating that Boston admitted that her reactions to stress were much better, that she was feeling "pretty good" and that she wanted to return to work. The Commissioner argues that the Magistrate Judge overlooked the reports of two other psychiatrists, one of whom is an agency expert, in which they conclude that Boston was able to work. Boston argues that the Report and Recommendation should be adopted in its entirety.

The Court concludes that the Commissioner's objections should be denied and the Report and Recommendation adopted in its entirety. As did the ALJs in *Bapp* and *Pratts*, *supra*, the ALJ here acknowledged that Boston had some nonexertional impairment, but failed to support the conclusion that such impairment did not "significantly compromise" her capacity for the full range of medium work. The ALJ acknowledged that Dr. Hak Jin Ko's medical evaluation in July 1998 noted that Boston was "moderately limited in her ability to interact appropriately with the

general public and to respond appropriately to changes in the work setting." (R at 20.) The ALJ also acknowledged an evaluation performed by Dr. Thomas Dickinson in October 1998, but failed to specifically note Dickinson's finding that Boston would have difficulty "handling complex directions, detailed tasks, flexible and distracting situations *and typical work pressures*." (R at 133.)

Thus the matter is remanded to the ALJ for re-evaluation as to whether the Commissioner has demonstrated that Boston's ability to perform the full range of medium work was not significantly diminished by her nonexertional impairments. If the Commissioner has not so demonstrated, then the Commissioner should be required to present testimony of a vocational expert — or other evidence — as to available jobs in the national economy that Boston could perform.

Accordingly it is **ORDERED** that the Commissioner's objections are denied and the Report and Recommendation is adopted.

DATED:   Buffalo, N.Y.

December 13, 2006

*/s/ John T. Elfvin*
JOHN T. ELFVIN
S.U.S.D.J.